UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERBIE MOORE,<br><br>　　　　　　　　Petitioner,<br>v.<br>WILLIAM GITTERE, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:20-cv-00315-RCJ-WGC<br><br>**ORDER** |

　　　　On April 29, 2021, the Court ordered Petitioner to show cause why Ground 1(a), (b), (c), and (f) should not be dismissed based on his failure to exhaust those subclaims. (ECF No. 10.) In response, Petitioner asserted that he was not aware that his post-conviction counsel withdrew those claims after he had raised the claims *pro se*. (ECF No. 12.) Petitioner further seeks a stay and abeyance so that he may exhaust those claims in state court. (*Id.* at 3-4.)

　　　　In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the district courts' discretion to facilitate habeas petitioners' return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277 (emphasis added). The *Rhines* Court further held that a district court would likely abuse its discretion by denying a stay and dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

　　　　The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008); *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. *E.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207,

1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005)). Ineffective assistance of post-conviction counsel or a lack of counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (a "statement that 'there was no counsel' in [the petitioner's] state post-conviction case is sufficient to establish good cause") (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)).

Petitioner alleged that his post-conviction counsel was ineffective for withdrawing the four ineffective assistance of counsel theories from consideration during the state habeas proceeding. (ECF No. 1-1.) The Court further finds that the unexhausted grounds are not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory litigation tactics. Because Petitioner has satisfied *Rhines* as to at least one claim, this habeas action will be stayed and held in abeyance until he has presented his claims to the Nevada courts. Accordingly, this action is stayed pending exhaustion of the unexhausted claims in the petition.

**IT IS THEREFORE ORDERED:**

1. This action is STAYED pending exhaustion of the unexhausted claims in the petition. The stay is conditioned upon Petitioner litigating his state petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada Court of Appeals at the conclusion of the state court proceedings.

2. The Clerk of the Court is directed to ADMINISTRATIVELY CLOSE this action, until such time as this Court grants a motion to reopen the matter.

DATED this 7th day of September 2021.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE